IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE WASHINGTON, #14015506 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:14-CV-1805-N-BK | |
| § | | |
| § | | |
| DALLAS COUNTY, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a county inmate, filed a *pro se* complaint, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, this action should be dismissed for want of prosecution.

### I. BACKGROUND

On July 8, 2014, the Court issued a questionnaire inquiring about the claims alleged in the complaint. [Doc. 12]. The deadline for Plaintiff's response was July 29, 2014. As of the date of this recommendation, however, Plaintiff has not responded to the Court's questionnaire, nor has he sought an extension of time to do so. Moreover, on July 23, 2014, the questionnaire was returned to the Court as undeliverable and Plaintiff has not apprised the Court of his new address. [Doc. 13].

### II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's questionnaire. He has impliedly refused or declined to do so. Moreover, Plaintiff was advised as follows upon initiation of this action: "[y]ou must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." [Doc. 2]. The Court is not required to delay disposition in this case until such time as Plaintiff provides a current address. Therefore, this action should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED August 26, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE